25 F.3d 1049
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
ADMINISTRATIVE SERVICES OF AMERICA, INC., Respondent.
 No. 93-6524.
 United States Court of Appeals, Sixth Circuit.
 Jan. 31, 1994.
 
 Before: JONES, NORRIS and SUHRHEINRICH, Circuit Judges.
 
 
 1
 This cause was submitted upon the application of the National Labor Relations Board for summary entry of a judgment against Respondent, Administrative Services of America, Inc., Memphis, Tennessee, its officers, agents, successors, and assigns, enforcing its order dated September 30, 1993, in Case No. 26-CA-15637, and the Court having considered the same, it is hereby
 
 
 2
 ORDERED AND ADJUDGED by the Court that the Respondent, Administrative Services of America, Inc., Memphis, Tennessee, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from
 
 3
 (a) Failing and refusing to bargain collectively and in good faith with the exclusive collective-bargaining representative of the employees in the unit by closing its facility and ceasing operations or failing and refusing, since April 8, 1993, to pay wages as agreed in the collective-bargaining agreement between the parties, for the period April 5-9, 1993, all without prior notice to Teamsters Local Union No. 984, International Brotherhood of Teamsters, AFL-CIO (hereinafter called the Union) and without affording the Union an opportunity to negotiate and bargain as the exclusive representative of its employees with respect to the effects of such acts and conduct. The unit consists of the following employees:
 
 
 4
 All truckdrivers, fork lift operators, laborers or porters, group leaders and tester repairman employed by Respondent at its Memphis, Tennessee facility excluding all office clerical employees, guards and supervisors as defined in the Act.
 
 
 5
 (b) In any like or related manner interfering with, restraining or coercing employees in the exercise of the rights guaranteed them by Section 7 of the National Labor Relations Act (hereinafter called the Act).
 
 
 6
 2. Take the following affirmative action necessary to effectuate the policies of the Act:
 
 
 7
 (a) Pay the unit employees their normal wages for the periods set forth in the Board's Decision and Order and make whole the individuals named below, by paying them the amounts opposite their names, with interest to be computed in the manner prescribed in New Horizons for the Retarded, 283 NLRB 1173 (1987), minus tax withholdings required by Federal and state laws:
 
 
 8
 Alvin Walton $846
William Smith 846
Harvey Wilson 846
Clifton Dandridge 846
Bradley Grimes 846
Ronald K. Oliver 846
Rosie L. Randle 822
Dorothy Hardaway 822
Bettye Turner 960
 
 
 9
 (b) On request, bargain collectively with the Union, with respect to its failure to pay contractual wages and the effects of such failure, and the effects of the closure of its Memphis, Tennessee facility, and reduce to writing any agreement reached as a result of such bargaining.
 
 
 10
 (c) Preserve and, on request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of further backpay due under the terms of this Judgment.
 
 
 11
 (d) Mail an exact copy of the attached notice marked "Appendix" to all employees of the unit who were employed by the Respondent at its Memphis, Tennessee facility. Copies of the notice, on forms provided by the Regional Director for Region 26 of the National Labor Relations Board (Memphis, Tennessee), after being signed by the Respondent's authorized representative, shall be mailed by the Respondent immediately upon receipt thereof as here directed.
 
 
 12
 (e) Notify the said Regional Director, in writing, within 20 days from the date of this Judgment, what steps the Respondent has taken to comply.
 
 APPENDIX
 
 13
 NOTICE TO EMPLOYEES POSTED PURSUANT TO A JUDGMENT OF THE
 
 
 14
 UNITED STATES COURT OF APPEALS ENFORCING AN ORDER
 
 OF THE NATIONAL LABOR RELATIONS BOARD
 An Agency of the United States Government
 
 15
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 16
 Section 7 of the Act gives employees these rights.
 
 To organize
 To form, join, or assist any union
 
 17
 To bargain collectively through representatives of their own choice
 
 
 18
 To act together for other mutual aid or protection
 
 
 19
 To choose not to engage in any of these protected concerted activities.
 
 
 20
 WE WILL NOT fail and refuse to bargain collectively and in good faith with the exclusive collective-bargaining representative of our employees in the unit by closing our Memphis, Tennessee facility and ceasing operations or by failing and refusing, since April 8, 1993, to pay wages as agreed in the collective-bargaining agreement, for the period April 5 through 9, 1993, all without prior notice to the Union or without affording the Union an opportunity to negotiate and bargain as the exclusive representative of our employees with respect to such acts and conduct and the effects of such acts and conduct. The unit consists of the following employees:
 
 
 21
 All truckdrivers, fork lift operators, laborers or porters, group leaders and tester repairman employed by us at our Memphis, Tennessee facility excluding all office clerical employees, guards and supervisors as defined in the Act.
 
 
 22
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed by Section 7 of the Act.
 
 
 23
 WE WILL pay our unit employees who were employed at the Memphis, Tennessee facility their normal wages for the periods required by the National Labor Relations Board, including paying the following individuals the amounts opposite their names, plus interest accrued to the date of such payment:
 
 
 24
 Alvin Walton $846
William Smith 846
Harvey Wilson 846
Clifton Dandridge 846
Bradley Grimes 846
Ronald K. Oliver 846
Rosie L. Randle 822
Dorothy Hardaway 822
Bettye Turner 960
 
 
 25
 WE WILL, on request, bargain collectively with Teamsters Local Union No. 984, International Brotherhood of Teamsters, AFL-CIO, with respect to our failure to pay contractual wages and the effects of such failure and the effects of our closure of our Memphis, Tennessee facility, and reduce to writing any agreement reached as a result of such bargaining.
 
 
 26
 ADMINISTRATIVE SERVICES OF AMERICA, INC.